**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| ERIC TYRONNE LAWRENCE, | ) |
| Movant, | ) |
| v. | ) No. 1:20-CV-174 AGF |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. Self-represented movant Eric Tyronne Lawrence commenced this action on August 14, 2020, by filing a letter with the Court asking that his criminal case be reviewed. The letter was originally filed in movant's criminal case, as the letter contained that case number. *See United States v. Lawrence*, No. 1:14-CR-30-AGF, ECF No. 63. However, the Court administratively terminated the motion in the criminal case and directed the Clerk to open a new case under 28 U.S.C. § 2255. *Id.* at ECF No. 64. That Order resulted in the instant case.

Although it was apparent from his letter that movant sought to file a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, movant did not use the proper form as required by the Local Rules of this Court. *See* E.D. Mo. L.R. 2.06(A) (requiring all actions by self-represented litigants to be filed on Court-provided forms). In addition, movant's filing was not drafted in a manner that complied with the Federal Rules. As such, the Court ordered movant to file an amended motion to vacate on the proper Court form and provided some basic instructions for compliance with the local and Federal Rules. ECF No. 2. The Court cautioned movant that

his failure to timely comply with the Order would result in the dismissal of his case without further notice. Movant's response was due on October 2, 2020.

To date, movant has neither responded to the Court's Order nor sought additional time to do so. The only filing by the movant since the Court issued its Order was a request for a copy of the docket sheet in this matter. ECF No. 3. Movant was given meaningful notice of what was expected, he was cautioned that his case would be dismissed if he failed to timely comply, and he was given ample time to comply. The Court will therefore dismiss this action, without prejudice, due to movant's failure to comply with the Court's September 2, 2020, Order and his failure to prosecute his case. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed … by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam) (affirming dismissal without prejudice where self-represented plaintiff failed to file an amended complaint despite being cautioned that dismissal could result from failure to do so); *Fitzwater v. Ray*, 352 F. App'x 125, 126 (8th Cir. 2009) (per curiam) (district court did not abuse its discretion in dismissing action without prejudice when the self-represented plaintiffs failed to comply with an order directing them to file an amended complaint within fourteen days); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19thday of October 2020.

                                                AUDREY G. FLEISSIG
                                                UNITED STATES DISTRICT JUDGE